UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60590-ALTMAN/HUNT

SECURITIES AND EXCHANGE COMMISSION,

    *Plaintiff*,

v.

DAVID ORTIZ,

    *Defendant.*

_____/

## FINAL JUDGMENT AGAINST DEFENDANT DAVID ORTIZ

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Final Judgment Against Defendant David Ortiz ("Motion") [ECF No. 18]. By the Consent of David Ortiz to Final Judgment ("Consent") [ECF No. 18-2], without admitting or denying the allegations of the Complaint (except that Ortiz admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Ortiz has entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Commission's Motion [ECF No. 18] is **GRANTED**.

The Court further orders as follows:

### I.

### PERMANENT INJUNCTIVE RELIEF

**A.  Section 5 of the Securities Act of 1933 ("Securities Act")**

**IT IS ORDERED AND ADJUDGED** that Ortiz is permanently restrained and enjoined

from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Ortiz's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ortiz or with anyone described in (a).

### B.  Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

**IT IS FURTHER ORDERED AND ADJUDGED** that Ortiz is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and

engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Ortiz's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ortiz or with anyone described in (a).

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Ortiz is liable to the Commission for $149,986 in disgorgement, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest on disgorgement of $16,216, and a civil penalty of $30,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Ortiz shall pay the total of $196,202 to the Commission in four installments according to the following schedule: (1) $50,000 already escrowed with his attorney within 30 days entry of this Final Judgment; (2) $48,734 within four months of entry of this Final Judgment; (3) $48,734 within eight months of entry of this Final Judgment; and (4) $48,734 within one year of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Ortiz shall contact the staff of the Commission for the amount due for the final payment.

If Ortiz fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. The Commission may then enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time. The Commission may also then enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.

Ortiz may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://pay.gov/public/form/start/39621196. Ortiz may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Ortiz as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Ortiz shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131. By making

any payment, Ortiz relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Ortiz shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Ortiz's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Ortiz shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Ortiz by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### **INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Ortiz shall comply with all of the undertakings and agreements set forth therein.

### IV.

### **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Ortiz in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

### V.

### **BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Ortiz, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Ortiz under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ortiz of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**DONE AND ORDERED** in Fort Lauderdale, Florida this 5th day of August 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record